Thomas A. Bustin City Attorney Clearwater
QUESTION:
Are national banks doing business in municipalities of this state subject to the occupational license tax provided for under s.205.042, F. S., for the privilege of engaging in those activities usually associated with normal commercial banking operations?
SUMMARY:
National banks doing business at a permanent business location or branch office in Florida and within municipalities of the state are subject to the municipal occupational license tax provided for by statute for the privilege of engaging in or managing a banking business within the jurisdiction of such municipalities.
In your opinion request, you note that this office passed upon the above-referenced question in the affirmative in AGO 071-11. Cf. AGO 070-174, concluding that, when the savings provision contained in Pub.L. No. 91-156 expired, applicable occupational license taxes could be imposed on national banks; s. 166.201, F. S., authorizing a municipality to raise by licenses authorized by general law amounts of money which are necessary for the conduct of municipal government; and former s. 167.43, F. S. In essence, your request is concerned with whether any matters or statutory changes have occurred in the interim which would result in a conclusion at this time other than that reached in AGO 071-11.
Relative to the federal law involved, s. 4(a) of Pub.L. No.92-213 extended the effective date of 12 U.S.C. § 548 from January 1, 1972, to January 1, 1973. Since January 1, 1973,12 U.S.C. § 548 has provided:
 For the purpose of any tax law enacted under the authority of the United States or any State, a national bank shall be treated as a bank organized and existing under the laws of the State or other jurisdiction within which its principal office is located.
Relative to state law, effective April 24, 1972, Ch. 72-306, Laws of Florida, enacted a new Ch. 205, F. S., the Local Occupational License Tax Act, and repealed those provisions of the former Ch. 205 construed in AGO 071-11. See also Ch. 73-144, Laws of Florida. Chapter 73-129, Laws of Florida, the Municipal Home Rule Powers Act, enacted s. 166.201, F. S., effective October 1, 1973, authorizing municipalities to raise by license taxes authorized by general law revenues necessary for the conduct of municipal government and repealing, among others, s. 167.43, F. S., 1971, which authorized municipalities, among other things, to raise by license on businesses carried on within the corporation all sums of money required for the government of the municipalities and to carry out their powers and duties granted and imposed by former Ch. 167. Section 205.042(1) in pertinent part provides:
 The governing body of an incorporated municipality may levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. . . . Such occupational license tax may be levied on:
 (1) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any business within its jurisdiction.
Additionally, s. 213.12(1), F. S., enacted by Ch. 72-153, Laws of Florida, retroactively effective December 31, 1971, provides:
 All banks, trust companies, and Morris Plan banks now or hereafter chartered under the laws of the state shall have the same immunity from state and local taxation that national banking associations have from time to time under the Statutes of the United States.
I am not aware of any other general law granting national banks an exemption or immunity from local occupational license taxes. Further, it should be noted that, even though s. 213.12(1), F. S., was made retroactive, there is nothing in the legislative journals indicating the Legislature's purpose for doing so.
Since the exemption or immunity of national banks is dependent on state law and the exemption or immunity of state banks pursuant to s. 213.12(1), F. S., is dependent upon immunity of national banking associations under federal statutes, and since neither state nor federal law provides an express exemption or immunity from the municipal occupational license tax, a municipality is not precluded by state law or federal law from imposing a municipal occupational license tax upon a national bank. Compare AGO 075-198, concluding in part that neither federal credit unions nor state banks were exempt or immune from county real and tangible personal property taxes. Thus, the conclusion reached in AGO 071-11 remains viable and, as herein amplified or expanded, is affirmed.
In conclusion, therefore, I am of the opinion that national banks doing business at a permanent business location or branch office in Florida and within municipalities of the state are subject to the municipal occupational license tax provided for under s.205.042, F. S., for the privilege of engaging in or managing a banking business within the jurisdiction of such municipalities.
Prepared by:
Maxie Broome, Jr. Assistant Attorney General